IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LOWELL DEQUINCY GREEN, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 5:24-CV-146-RWS-JBB |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

## ORDER

Before the Court are Petitioner Lowell Quincy Green's objections to the Magistrate Judge's Report and Recommendation. Docket Nos. 20–21. Petitioner, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of a 1982 conviction from Dallas County. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

On January 27, 2025, the Magistrate Judge entered a Report and Recommendation, recommending the above-styled application for the writ of habeas corpus be dismissed with prejudice. Docket No. 15. Petitioner states that he received a five-year sentence in Case No. F-82-90247-RU for aggravated robbery, burglary of a habitation, and burglary of a building. Docket No. 1. In reviewing the petition, the Magistrate Judge observed that Petitioner fails to show that he is "still in custody" under a conviction resulting in a five-year sentence which was handed down over 40 years before Petitioner filed his habeas corpus petition. Docket No. 15 at 1.

The Magistrate Judge explained that a habeas petitioner must be in custody under the challenged conviction or sentence at the time the petition is filed, and that once the sentence has expired, the petitioner is no longer in custody under that sentence even if it may have been used to

enhance a later one. *Id.* at 1 (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). According to the Magistrate Judge, consequences flowing from an expired conviction such as classification in prison, the opportunity to earn good time, the chance of receiving parole, and the nature of the prison unit to which the prisoner is assigned are not sufficient to render a habeas petitioner "in custody" under that expired conviction. *Id.* (citing *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989)). Because Petitioner fails to show that he is in custody under this five-year sentence from 1982, the Magistrate Judge recommends that the petition be dismissed. *Id.* at 1–2 (explaining that federal courts lack jurisdiction to entertain habeas petitions where the petitioner is not in custody under the challenged conviction or sentence). The Magistrate Judge also concluded that Petitioner is not entitled to a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. *Id.* at 2.

In his objections, filed February 25, 2025 (Docket No. 20), Petitioner traces his extensive criminal history as well as the numerous prior lawsuits and habeas corpus petitions he has filed. Regarding the present case, Petitioner asserts the Magistrate Judge "violated his oath of office and committed fraud." *Id.* at 11. Petitioner says that Petitioner does "not need habeas corpus" and that the FBI can charge the Magistrate Judge with federal crimes and "unlawfully restraining a black man without lawful jurisdiction." *Id.* at 12. Petitioner contends that the Magistrate Judge should have transferred his petition to Dallas and suggests that the Magistrate Judge is acting "with unclean hands." *Id.* These objections are patently without merit.

Petitioner also refers to a writ of error *coram nobis*, an extraordinary remedy which may be appropriate when the petitioner is no longer in custody (*id.* at 14) and "can demonstrate that he is suffering from civil disabilities as a consequence of the criminal convictions and the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d

557, 559 (5th Cir. 1994). However, the Fifth Circuit has held that "[i]t is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir.1982); *Rodriguez v. Johnson*, 2000 WL 1901607 (5th Cir. 2000). To the extent Petitioner seeks to invoke *coram nobis* in response to the Magistrate Judge's determination that Petitioner cannot obtain habeas corpus relief because he is no longer in custody under the challenged conviction, this request is without merit as well.

Petitioner also filed a notice on March 24, 2025, which the Court construes as additional objections. Docket No. 21. In those objections, Petitioner again traces his criminal history, prior lawsuits, habeas petitions, and his meritless argument for "unclean hands." *See, e.g.*, *id.* at 14. Regarding the present case, Petitioner asserts that "[w]e have proved a (RICO) because the State of Texas (never) had (jurisdiction)." *Id.* at 16. Regardless of whether Petitioner is referring to the habeas petition before this Court or the case where his sentence was handed down over 40 years ago, "[f]ederal courts do not have jurisdiction to entertain habeas corpus petitions where the petitioner is not in custody under the challenged conviction or sentence." Docket No. 15 at 1 (citing *Hendrix v. Lynaugh*, 888 F.3d 336, 337 (5th Cir. 1989). Additionally, habeas petitions are not the proper avenue for raising RICO claims. These objections are also without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit.

The Court also concludes that Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate (1) that the issues are subject to debate among jurists of reason, (2) that a court could resolve the issues in a different manner or (3) that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *see also Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised in his objections are subject to debate among jurists of reason. Nor has he shown that the questions presented are worthy of encouragement to proceed further. Petitioner has, therefore, failed to make a sufficient showing to merit the issuance of a certificate of appealability, and a certificate of appealability will not be issued. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket Nos. 20–21) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus (Docket No. 1) is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 17th day of April, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE